The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Feland:
This is in response to Deputy Prosecuting Attorney Larry K. Cook's request for an opinion on the legality of a proposed Lonoke County Quorum Court resolution. The proposed resolution would create a health insurance "stop loss" account whereby county employees and their dependents would be limited to an "out of pocket deductible" of five hundred dollars. Additionally, the proposed resolution would provide that any elected county official or employee who is no longer an active employee would have the option of paying the required health insurance premium and retaining health insurance coverage until medicare benefits are provided or until such time as they voluntarily withdraw from the system. Your question is whether this second provision of the proposed resolution would be a violation of law. It is my understanding that the county contracts with a private insurance provider to supply group health insurance to its employees.
For the reasons that follow, it is my opinion that the answer to your question is "no," this aspect of the proposed resolution, if enacted, would not be a violation of law; but the analysis to reach this conclusion is somewhat complicated.
There are currently both state and federal laws applicable to the extension of group health benefits to employees who terminate their employment. In Arkansas, reference must be had to A.C.A. §23-86-114 (Supp. 1989). That statute provides that all group health insurance policies shall contain a provision for the extension of benefits under certain circumstances, including the termination of employment. The statute provides for the continuation of benefits, in most cases, for a period of one hundred and twenty days. This statute is, in my opinion, applicable to the group health plans of local political subdivisions. See generally A.C.A. § 23-86-106 (1)(C). The statute is preempted, however, by federal law as to counties normally employing twenty or more employees.
Although the provisions of the "Consolidated Omnibus Budget Reconciliation Act" or "COBRA," now codified at Title26 U.S.C. § 4980B, are not applicable to "governmental plans,"[1] there is another federal statute which governs the continuation requirements of such plans. Section 300bb of Title 42 of the United States Code contains provisions very similar to "COBRA", and makes them applicable to political subdivisions of states which receive funds under that chapter.[2] It provides for a continuation period of, depending upon the surrounding circumstances, eighteen months, twenty-nine months, or thirty-six months. The time periods of continuation listed in this subsection, however, appear to be minimums. The section provides that the "[continuation of] coverage must extend for at least
the period beginning on the date of [some event, i.e. termination of employment] and ending not earlier than the earliest of the following: [eighteen months, thirty-six months or some other listed event]." (Emphasis added). It thus appears that the mandatory time periods set out in this federal law are minimums only, and that Lonoke County could, consistent with these provisions, provide a more generous policy with regard to the continuation of group health benefits.[3] Of course the state, if it chose to do so, could legislate the extent of this supplemental coverage, or place limits upon it, but in my opinion it has not done so, as the current provisions of state law on the question, A.C.A. § 23-86-114, have been preempted.
This conclusion assumes that the continuance of these employees in the plan, over the federally required time period, does not generate any additional expenses for the county, either directly or indirectly. Otherwise, an illegal exaction would result. See
Arkansas Constitution Art. 16, § 13. A determination in this regard would require reference to the particular facts at hand.
I suggest that you, as counsel for the county, review the applicable federal law cited above, as it contains other provisions related to your question which are too intricate to discuss in great detail herein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] There may be some question as to whether a privately administered plan purchased by a local political subdivision is indeed a "governmental plan" so as to be exempted from the provisions of "COBRA." In all likelihood, these types of plans would be held "governmental plans," cf. Silvera v. Mutual LifeIns. Co. of New York, 884 F.2d 423 (9th Cir. 1989), and thus exempt from COBRA. In any event, the provisions of 42 U.S.C. § 300bb are applicable, and are very similar to those of COBRA.
[2] Public employers who employ fewer than twenty employees are exempt from the provisions of 42 U.S.C. § 300bb. See42 U.S.C. § 300bb-1 (b)(1).
[3] The question of whether the county can convince its private insurance provider to agree to this type of continuation of coverage is entirely a matter of contract between the parties.